# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

Brockton Superior Court
Civil No. 2183CV00724

KENNETH SCHOONMAKER

v.

JOE C. MIRANDA
LUIS C. ALVES
CITY OF BROCKTON

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

SEP - 7 2021

Clerk of Court

---

# CIVIL COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## A. Introduction

1. On September 8, 2018, Kenneth Schoonmaker briefly stopped at a convenience store at the end of his street to pick up a few things before returning home to his wife and two small children. What happened next is another chapter in the annals of the use of excessive force by law enforcement against innocent African American men. Two Brockton Police Officers doing paperwork in the parking lot of the convenience store elected to follow him. After parking on his street, Mr. Schoonmaker stepped out of his car and started walking toward the home he and his wife owned, officers grabbed him and demanded to know who he was and what he was doing there. He insisted he was proceeding to his home. Should there have been any doubt about that fact, it would have been dispelled when his wife and niece emerged, one carrying their newborn infant, and told the officers so. In his shock and umbrage, Mr. Schoonmaker, although he had allowed himself to be handcuffed, verbally insisted officers let go of him. He had, after all, done nothing wrong. But, for having had the temerity to insist on his rights, to display righteous indignation at being handcuffed and questioned on his front lawn for no good reason, Brockton Police calmly and callously tased him, sending him sprawling to the ground, screaming. This action was in direct contravention of the BPD's own rules against tasing a handcuffed individual. He was tased in front of his wife and other family causing him and them to endure great psychological anguish and trauma that endures to this day.

## B. Parties

2. Plaintiff, Kenneth Schoonmaker, is a United States citizen, who resides at 12 Willow Street in Brockton.

3. Joe C. Miranda was at all relevant times employed by, and carrying out his official duties for, the Brockton Police Department, the main office for which is located at 7 Commercial Street, Brockton, MA 02302.

4. Luis C. Alves was at all relevant times employed by, and carrying out his official duties for, the Brockton Police Department, the main office for which is located at 7 Commercial Street, Brockton, MA 02302.

5. The City of Brockton is a municipality incorporated in the state of Massachusetts, and, at all relevant times, was the employer of defendants Miranda and Alves.

## C. Factual Allegations

6. On September 8, 2018, in Brockton, Mr. Schoonmaker was alone in his vehicle and stopped at a convenience store located at the intersection of North Main Street and Willow Street in Brockton.

7. He parked his car in the convenience store parking lot and went into the store.

8. Defendants Miranda and Alves were inside of a Brockton Police Department cruiser and were also parked in the same convenience store parking lot.

9. Mr. Schoonmaker left the store a few minutes later, returned to his car, and drove to his house on Willow Street, which is a dead-end residential street.

10. Mr. Schoonmaker committed no traffic infractions as he drove home from the store and parked on the street in front of 41 Willow Street.

11. As Mr. Schoonmaker parked, a Brockton Police Department cruiser occupied by defendants Miranda and Alves pulled up in front of Mr. Schoonmaker's car.

12. Mr. Schoonmaker got out of his vehicle and began walking across the lawn to the rear entrance of his house when defendants Miranda and Alves approached him.

13. Defendants Miranda and Alves were wearing police uniforms and were identifiable as Brockton Police Officers.

14. Amongst the pieces of equipment Defendant Miranda used in carrying out his duties as a Brockton Police Officer was an electronic shock weapon known as a taser.

15. As Mr. Schoonmaker proceeded across his lawn, defendant Miranda grabbed Mr. Schoonmaker's arm.

16. Defendants Miranda and Alves pushed Mr. Schoonmaker towards the police cruiser.

17. Defendant Miranda then handcuffed Mr. Schoonmaker.

18. Mr. Schoonmaker's hands were handcuffed behind his back.

19. Mr. Schoonmaker called out to family members who came out to record the incident.

20. Mr. Schoonmaker vocally protested the officers' treatment of him but was not combative.

21. Mr. Schoonmaker made no movement and took no action that endangered the defendants or any other person.

22. Nevertheless, Officer Miranda tased Mr. Schoonmaker with a "2 second" drive stun.

23. The electronic shock caused Mr. Schoonmaker to cry out and collapse to the ground.

24. The use of the electronic shock weapon on Mr. Schoonmaker under these circumstances was in violation of the Brockton Police Department Policy and Procedure for Electronic Control Weapons.

25. Mr. Schoonmaker was placed under arrest and brought back to the Brockton Police station where he was booked.

26. Defendants Miranda and Alves caused Mr. Schoonmaker to be charged with two criminal offenses: Failure of a Motor Vehicle Operator to Identify themselves, G.L. c. 90 § 25, and Resisting Arrest, G.L. c. 268 § 32B.

27. Defendants Miranda and Alves drafted police reports, which were utilized to support the issuance of criminal complaint No. 1815CR004312 in the Brockton District Court for the above charges.

28. In his report, defendant Miranda falsely described the conduct of Mr. Schoonmaker. Mr. Schoonmaker had allowed himself to be handcuffed, had not resisted arrest, was not operating a motor vehicle, and there was in fact no basis for either of the criminal charges to have issued against him.

29. All charges against Mr. Schoonmaker in criminal complaint No. 1815CR004312 were dismissed on April 3, 2020.

30. As a result of defendants Miranda and Alves's actions, Mr. Schoonmaker experienced significant pain and anguish, restriction of his personal freedom, mental anguish, emotional distress, and humiliation.

31. As a result of defendants Miranda and Alves's actions, Mr. Schoonmaker was subject to arrest and prosecution for a crime that he did not commit. Mr. Schoonmaker suffered the loss of his Constitutional rights and the embarrassment, humiliation, and distress associated with his arrest and prosecution for charges as to which he was innocent.

32. At all relevant times, defendants Miranda and Alves were acting under the color of law as Brockton Police Department employees for the City of Brockton.

## COUNT I - 42 U.S.C. § 1983, Excessive Force
(Defendant Miranda – In his personal capacity,
Defendant Alves – In his personal capacity)

33. The above paragraphs are incorporated by reference.

34. Defendants Miranda and Alves used unreasonable and excessive force on Mr. Schoonmaker.

35. Defendants Miranda and Alves's conduct deprived Mr. Schoonmaker of his clearly established and well-settled rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable and excessive force.

36. Defendants Miranda and Alves acted with knowing or reckless disregard for Mr. Schoonmaker's constitutional rights.

37. As a direct and proximate result of defendant Miranda and Alves's actions, Mr. Schoonmaker suffered the injuries and damages set forth above.

## COUNT II - 42 U.S.C. § 1983, False Arrest and Imprisonment
(Defendant Miranda – In his personal capacity,
Defendant Alves – In his personal capacity)

38. The above paragraphs are incorporated by reference.

39. Defendants Miranda and Alves caused Mr. Schoonmaker to be arrested and taken into police custody.

40. Defendants Miranda and Alves's conduct deprived Mr. Schoonmaker of his clearly established and well-settled rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from false imprisonment.

41. Defendants Miranda and Alves acted with knowing or reckless disregard for Mr. Schoonmaker's constitutional rights.

42. As a direct and proximate result of Defendants Miranda and Alves's actions, Mr. Schoonmaker suffered the injuries and damages set forth above.

## COUNT III - 42 U.S.C. § 1983, Malicious Prosecution
(Defendant Miranda – In his personal capacity,
Defendant Alves – In his personal capacity)

43. The above paragraphs are incorporated by reference.

44. When Mr. Schoonmaker was arrested, the only inculpatory evidence of him resisting arrest was the fabricated claims of Defendants Miranda and Alves.

45. Nevertheless, Defendants Miranda and Alves commenced or caused to be commenced a criminal prosecution, instituted with malice and without probable cause, against Mr. Schoonmaker.

46. The criminal action ultimately terminated in Mr. Schoonmaker's favor when the criminal charges were dismissed.

47. Defendants Miranda and Alves's conduct violated Mr. Schoonmaker's clearly established rights under the Fourth and Fifth Amendments, and the procedural due process component of the Fourteenth Amendment to the United States Constitution.

48. As a direct and proximate result of Defendants Miranda and Alves's actions, Mr. Schoonmaker was prosecuted for a crime he did not commit. He suffered the injuries and damages as set forth above.

## COUNT IV - Claim under Massachusetts Law for Excessive Force
(Defendant Miranda – In his personal and official capacity,
Defendant Alves – In his personal and official capacity,
City of Brockton)

49. The above paragraphs are incorporated by reference.

50. Defendants Miranda and Alves committed the common law tort of excessive force when they used excessive force against Mr. Schoonmaker.

51. As a direct and proximate result of Defendants Miranda and Alves's actions, Mr. Schoonmaker suffered the injuries and damages set forth above.

## COUNT V - Claim under Massachusetts Law for False Imprisonment
(Defendant Miranda – In his personal and official capacity,
Defendant Alves – In his personal and official capacity,
City of Brockton)

52. The above paragraphs are incorporated by reference.

53. Defendants Miranda and Alves committed the common law tort of false imprisonment by causing the arrest and imprisonment of Mr. Schoonmaker without probable cause.

54. As a direct and proximate result of Defendants Miranda and Alves's actions, Mr. Schoonmaker suffered the injuries and damages set forth above.

## COUNT VI - Claim under Massachusetts Law for Malicious Prosecution
(Defendant Miranda – In his personal and official capacity,
Defendant Alves – In his personal and official capacity,
City of Brockton)

55. The above paragraphs are incorporated by reference.

56. Defendants Miranda and Alves caused criminal charges to be brought and continued against Mr. Schoonmaker without probable cause and with malice.

57. The criminal action ultimately terminated in Mr. Schoonmaker's favor when the charge of Resisting Arrest was dismissed.

58. As a direct and proximate result of Defendants Miranda and Alves's actions, Mr. Schoonmaker suffered the injuries and damages set forth above.

## COUNT VII – Assault and Battery with a Dangerous Weapon
(Defendant Miranda – In his personal and official capacity,
Defendant Alves – In his personal and official capacity,
City of Brockton)

59. The above paragraphs are incorporated by reference.

60. Defendants Miranda and Alves committed the common law and statutory tort of assault and battery with a dangerous weapon upon Mr. Schoonmaker.

61. As a direct and proximate result of Defendants Miranda and Alves's actions, Mr. Schoonmaker suffered the injuries and damages set forth above

## COUNT VIII – Negligence
(City of Brockton)

62. The above paragraphs are incorporated by reference.

63. Defendants Miranda and Alves owed a duty of care to Mr. Schoonmaker to act reasonably in the arrest and initiation of prosecution of Mr. Schoonmaker, and in reporting the events that occurred.

64. Defendants Miranda and Alves breached the duty of care they owed to Mr. Schoonmaker by committing the acts described above.

65. As a direct and proximate result of Defendants Miranda and Alves's actions, Mr. Schoonmaker suffered the injuries and damages set forth above.

## COUNT IX: Intentional Infliction Of Emotional Distress
(Defendant Miranda – In his personal and official capacity,
Defendant Alves – In his personal and official capacity,
City of Brockton)

66. The above paragraphs are incorporated by reference.

67. In doing the acts alleged above, Defendants Miranda and Alves intentionally or recklessly caused the infliction of emotional distress upon Mr. Schoonmaker when they acted with either the desire or knowledge to a substantial degree of certainty that significant emotional distress would result from their conduct.

68. The conduct of Defendants Miranda and Alves, as alleged above, was extreme and outrageous, beyond all bounds of decency, and intolerable in a civilized society. At issue is conduct either designed or reasonably anticipated to harm Mr. Schoonmaker, which evinces improper illegal, unethical, oppressive, unscrupulous, and/or otherwise unconscionable conduct.

69. The conduct of Defendants Miranda and Alves directly and proximately caused Mr. Schoonmaker to suffer, and from which he continues to suffer, significant emotional distress, trauma, shock, anxiety, humiliation, embarrassment, fear, and terror.

## COUNT X: Negligent Infliction Of Emotional Distress
(City of Brockton)

70. The above paragraphs are incorporated by reference.

71. The conduct of Defendants Miranda and Alves directly and proximately caused Mr. Schoonmaker to suffer significant emotional distress, trauma, shock, anxiety, humiliation, embarrassment, fear, and terror, demonstrated by objectively physical manifestations.

72. Any reasonable person subjected to Defendants Miranda and Alves's behavior, as detailed above, would have also suffered severe emotional distress under the circumstances.

**WHEREFORE**, the plaintiff requests that this Court:

1. Award compensatory damages;

2. Award punitive damages against the Defendants;

3. Award the costs of this action, including reasonable attorney's fees; and

4. Award such other further relief as this Court may deem necessary and
   appropriate.

## JURY DEMAND

A jury trial is hereby demanded.

Respectfully Submitted,

Kenneth Schoonmaker

By his attorney

_____

Jason Benzaken, Esq.
Benzaken & Wood, LLP
1342 Belmont Street, Suite 102
Brockton, MA 02301
(Telephone) 508-897-0001
(Fax) 508-587-5455
BBO No. 658869
*attorneybenzaken@gmail.com*

Dated: September 7, 2021

# CIVIL ACTION COVER SHEET

**DOCKET NUMBER** 2183CV00724

**Trial Court of Massachusetts**
**The Superior Court**

COUNTY

| | | | |
|---|---|---|---|
| **Plaintiff:** | Kenneth Schoonmaker | **Defendant:** | City of Brockton |
| **ADDRESS:** | 12 Willow Street, Brockton MA 02301 | **ADDRESS:** | Brockton City Hall, 45 School Street, Brockton, MA 02301 |

| | | |
|---|---|---|
| **Plaintiff Attorney:** | | **Defendant:** Joe C. Miranda |
| **ADDRESS:** | | **ADDRESS:** Brockton Police Department, 7 Commercial Street, Brockton, MA 02301 |
| **BBO:** | | |

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

SEP - 7 2021

Clerk of Court

| | | |
|---|---|---|
| **Plaintiff Attorney:** | | **Defendant:** Luis C Alves |
| **ADDRESS:** | | **ADDRESS:** Brockton Police Department, 7 Commercial Street, Brockton, MA 02301 |
| **BBO:** | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB1 | Tortious Action Invoving Municipality | A | ☒ YES ☐ NO |

**\*If "Other" please describe:**

Is there a claim under G.L. c. 93A? ☐ YES ☒ NO      Is there a class action under Mass. R. Civ. P. 23? ☐ YES ☒ NO

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, §3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)      $10,000.00

    Mental Health Treatment

                                         Subtotal (1-5):    **$10,000.00**

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)      $150,000

    Pain & Suffering.

                                   TOTAL (A-F):    $ 160,000

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Physical pain and suffering from excessive force, ongoing mental and emotional pain and anguish from violation of civil rights.

## CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X  /

Date:

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X

Date:

| | | |
|---|---|---|
| **Summons** | CIVIL DOCKET NO. <br> 2183CV00724 | **Trial Court of Massachusetts** <br> **The Superior Court**  |
| CASE NAME: <br><br> Schoonmaker, Kenneth     Plaintiff(s) <br><br> vs. <br><br> Miranda, Joe C. et al     Defendant(s) | | Robert S. Creedon, Jr., Clerk of Courts <br> Plymouth     County <br> COURT NAME & ADDRESS: <br> Plymouth County Superior Court-Brockton <br> 72 Belmont Street <br> Brockton, MA 02301 |

THIS SUMMONS IS DIRECTED TO _City of Brockton_ (Defendant's name)

<u>You are being sued.</u> The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.

<b>YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.</b>

1. <u>You must respond to this lawsuit in writing within 20 days.</u>

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. How to Respond.

To respond to this lawsuit, you must file a written a response with the court <u>and</u> mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

     a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court

         (address), by mail or in person **AND**

     b) Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address:

3. What to Include in Your Response.

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

A True Copy ATTEST

TRUE COPY ATTEST:

Adam P. Loomis
Constable/Disinterested Person

_Special Process Server_

RECEIVED

OCT 26 2021

CITY OF BROCKTON
LAW DEPARTMENT

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2183CV00724 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Schoonmaker, Kenneth vs. Miranda, Joe C. et al | | Robert S. Creedon, Jr., Clerk of Courts |
| TO: City of Brockton No addresses available | | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/06/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 01/05/2022 | |
| All motions under MRCP 12, 19, and 20 | 01/05/2022 | 02/04/2022 | 03/07/2022 |
| All motions under MRCP 15 | 11/01/2022 | 12/01/2022 | 12/01/2022 |
| All discovery requests and depositions served and non-expert depositions completed | 08/28/2023 | | |
| All motions under MRCP 56 | 09/27/2023 | 10/27/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/26/2024 |
| Case shall be resolved and judgment shall issue by | | | 09/06/2024 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | | PHONE |
|---|---|---|---|
| 09/07/2021 | | | |

**RECEIVED**

10/20/2021

*(10-25-21 Buckley, J) Allowed.*

*allow to Loraine Beest in a PSMK*

## COMMONWEALTH OF MASSACHUSETTS

Plymouth, SS

Plymouth Superior Court
Civil Docket No: 2183CV00724

Kenneth Schoonmaker
    Plaintiff

v.

Joe Miranda, et al
    Defendants

### MOTION FOR THE APPOINTMENT OF SPECIAL PROCESS SERVER UNDER RULE 4C

**FILED**
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

OCT 2 5 2021

*Clerk of Court*

The Plaintiff moves pursuant to Rule 4C of the Massachusetts Rules of Civil Procedure that this Court appoint **Adam Loomis and/or any of his employees or servants as process servers in this matter,** qualified and knowledgeable persons in the service of all court process, limited to any and all service of process in this matter. The undersigned swears that to the best of his knowledge and belief, the person to be appointed is eighteen years of age or over and is not a party in this case and is a disinterested person.

Return via email to:
Adam Loomis
Adam@allstateconstables.com

/s/ Jason Benzaken, Esq.

Jason Benzaken, Esq. (BBO# 658869)
Benzaken & Wood
1342 Belmont Street, Suite 102
Brockton, MA 02301
508-897-0001 (phone)
508-587-5455 (fax)
Attorneybenzaken@gmail.com (email)

### ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVER

This action came on for hearing before the Court, _____, presiding upon Plaintiff's Motion for Appointment of a Person to Serve Process, and thereupon, consideration thereof, it is Ordered and Adjudged that: **Adam Loomis/All State Constables, Inc.** and/or any of his employees or servants are appointed Special Process Server for the express purpose of serving any and all service of process in this action pursuant to Massachusetts Rule 4C of Civil Procedure.

Dated: _____

By: _____

Title: _____

# 2183CV00724 Schoonmaker, Kenneth vs. Miranda, Joe C. et al

- Case Type:
- Actions Involving the State/Municipality
- Case Status:
- Open
- File Date
- 09/07/2021
- DCM Track:
- A - Average
- Initiating Action:
- Tortious Action involving the Commonwealth, Municipality, MBTA, etc.
- Status Date:
- 09/07/2021
- Case Judge:
-
- Next Event:
-

| All Information | Party | Tickler | Docket | Disposition |

## Party Information

**Schoonmaker, Kenneth**
- Plaintiff

| Alias | Party Attorney |
|-------|----------------|
|       | - Attorney |
|       | - Benzaken, Esq., Jason |
|       | - Bar Code |
|       | - 658869 |
|       | - Address |
|       | - Benzaken, Alexander and Wood, PC |
|       | 1342 Belmont St |
|       | Suite 102 |
|       | Brockton, MA  02301 |
|       | - Phone Number |
|       | - (508)897-0001 |

**More Party Information**

**Miranda, Joe C.**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

**More Party Information**

**Alves, Luis C.**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

**More Party Information**

**City of Brockton**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

**More Party Information**

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Service | 09/07/2021 | 12/06/2021 | 90 | |
| Answer | 09/07/2021 | 01/05/2022 | 120 | |
| Rule 12/19/20 Served By | 09/07/2021 | 01/05/2022 | 120 | |
| Rule 12/19/20 Filed By | 09/07/2021 | 02/04/2022 | 150 | |

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Rule 12/19/20 Heard By | 09/07/2021 | 03/07/2022 | 181 | |
| Rule 15 Served By | 09/07/2021 | 11/01/2022 | 420 | |
| Rule 15 Filed By | 09/07/2021 | 12/01/2022 | 450 | |
| Rule 15 Heard By | 09/07/2021 | 12/01/2022 | 450 | |
| Discovery | 09/07/2021 | 08/28/2023 | 720 | |
| Rule 56 Served By | 09/07/2021 | 09/27/2023 | 750 | |
| Rule 56 Filed By | 09/07/2021 | 10/27/2023 | 780 | |
| Final Pre-Trial Conference | 09/07/2021 | 02/26/2024 | 902 | |
| Judgment | 09/07/2021 | 09/06/2024 | 1095 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|-------------|-------------|---------------|--------------|
| 09/07/2021 | Attorney appearance<br>On this date Jason Benzaken, Esq. added for Plaintiff Kenneth Schoonmaker | | |
| 09/07/2021 | Case assigned to:<br>DCM Track A - Average was added on 09/07/2021 | | |
| 09/07/2021 | Original civil complaint filed. | 1 | Image |
| 09/07/2021 | Civil action cover sheet filed. | 2 | Image |
| 09/07/2021 | Demand for jury trial entered. | | |
| 10/20/2021 | Plaintiff Kenneth Schoonmaker's Motion for appointment of special process server.<br><br>Heard, and ALLOWED (Buckley, J.) | 3 | Image |

## Case Disposition

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Pending | | |